NEW YORK, A. & L. R. CO. v. DUNNING et al.

(Supreme Court, Appellate Division, Fourth Department. May 4, 1910.)

1. RAILROADS (§ 64*)—RIGHT OF WAY—CONTRACT FOR ADDITIONAL LAND—CONSTRUCTION.

Under a contemporaneous contract between the parties to a deed to a railroad company of a strip of land 49½ feet wide and 2,500 feet long, whereby it was agreed that if the company subsequently desired more land for its purposes, adjacent to that conveyed, on either side, to widen its right of way, it should acquire the same in continuous strips not less than 1,000 feet long and contiguous thereto in their entire length, and that the grantor would convey and the company would pay therefor at the same rate per acre as for the land then conveyed, any land subsequently taken should be in strips of 1,000 feet and of uniform width the whole length.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 64.*]

2. EMINENT DOMAIN (§ 170*)—DEFENSES—CONTRACT.

A railroad company will be held to its contract with the owner of land adjacent to its right of way, giving it the right to subsequently take and pay for land additional to that conveyed by him, and it will not be permitted to maintain independent proceedings to condemn the same.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 170.*]

Appeal from Order Entered on Report of Referee.

Condemnation proceedings by the New York, Auburn & Lansing Railroad Company against David M. Dunning and others. From a judgment for defendants, petitioner appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

E. C. Aiken, for appellant.
Van Sickle & Allen, for respondents.

WILLIAMS, J. The judgment should be affirmed, with costs. This proceeding was commenced by petition for the condemnation of lands for railroad purposes. The defendants answered the petition, and thereupon the reference was ordered. The only question here relates to a contract formerly entered into, between the parties, a brief statement with reference to which is as follows: In October, 1905, the petitioner desired to obtain a strip of land about 99 feet wide and 2,500 feet long, diagonally through Dunning's farm, for its right of way, and commenced condemnation proceedings to acquire the same. The proceedings were subsequently discontinued, and Dunning deeded to petitioner a strip of land 49½ feet wide, of the length of 2,500 feet, at a price amounting to about $1,700 per acre. The deed contained various conditions as to fencing and street and farm crossings, etc. Contemporaneously with the giving of the deed as a part of the same transaction and as part consideration for the deed, the contract here in question was entered into by the parties, wherein it was agreed that if the railroad company should at any time within five years desire or require more land for railroad purposes, adjacent to the land thus conveyed, on either side, to increase the width of its right of way, it should acquire the same in continuous strips of not less than 1,000

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

feet in length and contiguous thereto in their entire length, and Dunning would convey, and the railroad company would pay for, the same at the rate of $1,700 per acre. This contract was in force and binding upon both parties when the present proceedings were begun. Dunning was willing to deed to the petitioner any lands taken under the terms of that contract. He claimed, however, that whatever land was taken should be in strips 1,000 feet long, and of uniform width the whole distance. The land sought to be condemned was in two strips, one on either side of and contiguous to its 49-foot right of way, the one about 600 feet long, and the other about 625 feet long, the one strip 28 feet wide at one end, and converging to a point at the other end, the other strip 35 feet wide at one end and continuing that width for about 250 feet, and then converging to a point at the other end. Before commencing these proceedings, the petitioner requested Dunning to give it a deed of two strips of land, one on either side of and contiguous to its 49-foot right of way, substantially the same width as those described, except that the convergence was not to a point, but until the width of each was one foot, and then the continuance of the strips one foot wide until their lengths were respectively 1,000 feet. Dunning refused to give such a deed, and the parties were unable to agree upon a sale of the land sought to be condemned or that described in the deed, by reason of their disagreement as to the construction of the contract in question.

The referee decided that Dunning was right in his construction; the strips must be 1,000 feet long and of uniform width the whole length. I think the referee properly construed the contract. It did not provide in express language that the strips to be taken should be of uniform width throughout, but such was evidently the intention of the parties. Any other construction would lead to unreasonable conclusions. It would enable the railroad company to take zigzag strips varying in width from a few inches to hundreds of feet, or to take a block hundreds of feet wide at one end and then annex to this a strip of a few inches wide for the remainder of the 1,000 feet in length. There is no reason why the railroad company should not be held to its contract, and inasmuch as Dunning is willing to comply with it, and give a deed upon being paid for the land taken, according to the terms agreed upon, there is no occasion for these proceedings to condemn, and the railroad company should not be permitted to maintain them. It is true the price agreed to be paid, $1,700 per acre, is an excess of the real value of the property; but the railroad company agreed to pay it, and there is no reason for relieving it from that obligation. It is said the railroad company does not need strips on each side of the right of way of the width, the one of 28 and the other of 35 feet, or thereabouts, for the whole 1,000 feet, which would make their width 112½ feet, the whole distance. Originally the railroad attempted to take 99 feet wide for the whole 2,500 feet through Dunning's farm. It did not then object that it did not need the land.

It seems to me that the judgment should be affirmed. All concur.